IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-00171-EWN-BNB

ANTHONY RAY MARTINEZ,

Plaintiff,

v.

DENVER DEPUTY SHERIFF, DAVID O. MARTINEZ (in his official and individual capacity),
DENVER DEPUTY SHERIFF, SGT. SULLIVAN, bld 22 (in his official and individual capacity),
and
DENVER DEPUTY SHERIFF, SGT, ROMERO, bld 6 and 8 (in his official and individual
capacity),

Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises in connection with the Order to Show Cause [Doc. #87] entered

November 26, 2007.  The plaintiff has failed to respond to the Order to Show Cause.  I

respectfully recommend that the case be dismissed without prejudice for failure to prosecute and

failure to comply with an order of the court.

As the Order to Show Cause stated, this case was set for a preliminary pretrial conference

for October 23, 2007, at 8:30 a.m.  Minute Order [Doc. # 80, filed 10/23/2007].   The matter also

was set at the same time for a hearing on the plaintiff's Motion to Compel [Doc. # 69].  The

plaintiff, who is proceeding *pro se*, neither appeared for the conference and hearing, nor did he

contact the court.  Counsel for the defendants appeared as ordered.

Local rule of practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order.  If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

Consistent with local rule 41.1, I ordered the plaintiff to show cause on or before December 10, 2007, why this case should not be dismissed for lack of prosecution and failure to comply with the order setting the preliminary pretrial conference[1] and hearing on the plaintiff's Motion to Compel.  Order to Show Cause [Doc. #87] at p.2.  The plaintiff has failed to respond to the Order to Show Cause.

In addition, the defendants filed a Motion to Compel [Doc. # 85] on November 16, 2007. The plaintiff's response was due 20 days thereafter, or on or before December 6, 2007.  See D.C.COLO.LCivR 7.1C.  No response has been received.

Not only has the plaintiff failed to prosecute his case and failed to comply with court orders, but it appears that he has abandoned the litigation.

I respectfully RECOMMEND that the plaintiff's complaint and this action be DISMISSED WITHOUT PREJUDICE pursuant to D.C.COLO.LCivR 41.1 for failure to prosecute and failure to comply with court orders.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific,

---

[1] I note that the plaintiff also failed to appear at a preliminary pretrial conference set for October 9, 2007, necessitating an order to show cause and rescheduling of the conference.

written objections.   A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated December 11, 2007.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge