IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-00171-EWN-BNB

ANTHONY RAY MARTINEZ,

Plaintiff,

v.

DENVER DEPUTY SHERIFF, DAVID O. MARTINEZ (in his official and individual capacity),
DENVER DEPUTY SHERIFF, SGT. SULLIVAN, bld 22 (in his official and individual capacity),
and
DENVER DEPUTY SHERIFF, SGT, ROMERO, bld 6 and 8 (in his official and individual capacity),

Defendants.
_____

**ORDER**
_____

This matter is before me on the **Plaintiff's Notice to Show Cause for Non-Communication With the Honorable Court** [Doc. # 91, filed 1/3/2008] (the "Notice"). I construe the Notice as a motion for reconsideration of my Recommendation [Doc. # 90, filed 12/11/2007]. The request to reconsider is DENIED.

The plaintiff appeared to abandon this case. In particular, the plaintiff failed to appear on November 26, 2007, for a preliminary pretrial conference[1] and a hearing on his motion to compel. As a result of that failure, I ordered the plaintiff to show cause, on or before December 10, 2007, why the case should not be dismissed for failure to prosecute and failure to comply with the order of the court setting the hearing. Order to Show Cause [Doc. # 87, filed

---

[1] I note that the plaintiff also failed to appear at a preliminary pretrial conference set for October 9, 2007, necessitating an order to show cause and rescheduling of that conference.

11/26/2007]. The plaintiff failed to respond to the Order to Show Cause within the time allowed. In addition, on November 16, 2007, the defendants filed a Motion to Compel [Doc. # 85]. The plaintiff's response was due on or before December 6, 2007, see D.C.COLO.LCivR 7.1C, but none was filed.

Based on these facts, I recommended that the case be dismissed without prejudice for failure to prosecute, failure to comply with court orders, and because the matter appeared to have been abandoned. Recommendation [Doc. # 90, filed 12/11/2007]. The Recommendation was grounded on local rule of practice 41.1, D.C.COLO.LCivR, which provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

Nearly a month later, on January 3, 2008, the plaintiff resurfaced and filed the Notice. The plaintiff argues in his Notice that his failures to appear and respond to orders and motions should be excused based on the following[2]:

> I was released from the Colorado Department of Corrections, on October 9th 2007, to a Homeless Shelter. @ The Denver Rescue Mission, at that time I submitted a Motion to show Cause as to why I missed my Court Hearing. I did this in person with Mrs. Andrea in the clerks office at the Court House. I was then arrested and taken to the Denver County Jail, and was unable to get to the Law library to prepare the needed documents for the court.
>
> I was the taken to the Chyanne Mountain Re-entry Center where I was put in to Segregation, and once again unable to get to the Law library. I was the transported back to the Denver County Jail where

---

[2]The Notice is quoted verbatim without any attempt to note or to correct errors.

> I've been in Building 22-C. And now after over 30 days I can
> complete the motion and sent it to the court. I was also unable to
> make any payment to the court for November and December 2007.
> I'm sending my account statement along with this motion.

Notice at p.1.

I begin with the basics. The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). As the Tenth Circuit Court of Appeals ruled in Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994), however, *pro se* parties are required to follow the same rules of procedure as govern other litigants. Thus, although a *pro se* litigant may be excused from misstating various legal theories, poor syntax, an unfamiliarity with pleading requirements, and a failure to cite proper legal authority, Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), he must nonetheless comply with fundamental procedural requirements, including requirements to make certain filings and to meet filing deadlines. Nielsen, 17 F.3d at 1277 (affirming an order of the district court dismissing a bankruptcy appeal by *pro se* litigants based on their failure to designate the record and to file a brief on time).

It is important to note that the plaintiff does not complain that he was unaware of the date of the preliminary pretrial conference and hearing on his motion to compel, or that he did not know of his obligation to respond to my order to show cause. Rather, the plaintiff complains that he was arrested and incarcerated and was "unable to get to the Law library to prepare the needed documents for the court." Notice at p.1. The plaintiff did not need the resources of a law library to inform the court that he was again incarcerated; or to seek a continuance of the preliminary pretrial order; or to request an extension of time to respond to my order to show cause; or even to comply with D.C.COLO.LCivR 10.1M which requires that "[w]ithin ten days after any change

of address . . . or telephone number of any attorney or pro se party, notice of the new address . . . or telephone number shall be filed." In fact, compliance with local rule 10.1M would have brought the plaintiff's plight to the attention of the court and would have obviated the need for the order to show cause and my Recommendation.[3]

In addition, the plaintiff's Notice fails to provide sufficient details to justify the plaintiff's failures to appear and comply with court orders. It states only that he was arrested and taken to the Denver County Jail. It does not specify the date of the arrest or whether the plaintiff was arrested before or after November 26, 2007, the date on which he failed to appear for the preliminary pretrial conference and hearing on his motion to compel.

Generally, a motion for reconsideration, which is not expressly recognized by the Federal Rules of Civil Procedure, Clough v. Rush, 959 F.2d 182, 186 n.4 (10th Cir. 1992), may be construed in either of two ways: if filed within 10 days of the entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than 10 days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b). Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). In addition, "'any order . . . however designated, which adjudicates fewer than all claims or rights

---

[3]The plaintiff certainly knew of the requirements of local rule 10.1M, as evidenced by his compliance with it on at least two previous occasions. See Notice of Change of Address [Doc. # 24, filed 9/18/2006]; Motion of Temporary Change of Address [Doc. # 55, filed 4/13/2007]. More recently, however, the plaintiff has failed to comply with that rule, resulting in two orders to show cause and the recommendation that the case be dismissed. See Show Cause [Doc. # 76, filed 10/9/2007] (where the plaintiff seeks to excuse his failure to appear for the initial preliminary pretrial order on October 9, 2007, because he "was released from D.O.C. and unable to contact the Court"); and Notice [Doc. # 91](reporting that the plaintiff was arrested and incarcerated more than ten days earlier, although the court file contains no previous notice of a change of the plaintiff's address).

4

and liabilities of fewer than all the parties . . . is subject to revision at any time before entry of judgment adjudicating all the claims and the rights and liabilities of all parties.'" Raytheon Constructors, Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003), quoting Fed. R. Civ. P. 54(b).  Motions for reconsideration may not be used to reargue an issue previously addressed by the court when the motion merely advances new arguments or supporting facts which were available at the time of the court's original ruling.  See Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

The plaintiff does not claim that he was unaware of the hearing he failed to attend on November 26, 2007, or of his obligation to respond to my order to show cause by December 10, 2007.  He does not claim that he was unable to notify the court of his changed circumstances, changed address, or inability to appear or respond.  He claims only to have been unable to "get to the Law library."  Access to a law library was unnecessary.  The plaintiff could and should have brought those matters to my attention at least in response to the Order to Show Cause.  He did not.  Nothing here suggests a basis for reconsidering my Recommendation.

IT IS ORDERED that the Notice, which I construe as a motion to reconsider my Recommendation dated December 11, 2007, is DENIED.

Dated March 11, 2008.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge