IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-00171-MSK-BNB

ANTHONY RAY MARTINEZ,

Plaintiff,

v.

DENVER DEPUTY SHERIFF, DAVID O. MARTINEZ (in his official and individual capacity),
DENVER DEPUTY SHERIFF, SGT. SULLIVAN, bld 22 (in his official and individual capacity), and
DENVER DEPUTY SHERIFF, SGT, ROMERO, bld 6 and 8 (in his official and individual capacity),

Defendants.
_____

**ORDER**
_____

This matter arises on the following:

(1) Plaintiff's **Motion to Compel** [Doc. # 69, filed 9/28/2007][1] (the "Plaintiff's Motion to Compel"); and

(2) Defendants' **Motion to Compel Pursuant to Fed. R. Civ. P. 37(a)** [Doc. # 85, filed 11/16/2007] (the "Defendants' Motion to Compel").[2]

---

[1] The Plaintiff's Motion to Compel was denied as abandoned by an order [Doc. # 87] entered on November 26, 2007. The case was dismissed on January 1, 2008. Order Accepting Magistrate Judge's Recommendation [Doc. # 93]. The circuit court reversed the order of dismissal, Order and Judgment [Doc. # 110, filed 9/24/2008], and I ordered that the Plaintiff's Motion to Compel be reinstated for a determination on the merits. Order [Doc. # 122, filed 11/17/2008].

[2] Although filed in November 2007, the Defendants' Motion to Compel was not ruled on in view of my recommendation that the case be dismissed for failure to prosecute [Doc. # 90, filed 12/11/2007] and the district judge's order accepting that recommendation. Order Accepting Magistrate Judge's Recommendation [Doc. # 93, filed 1/1/2008].

The motions were set for hearing this afternoon. At the time of the hearing, however, I was informed by counsel for the defendants of a letter from the plaintiff to the Clerk of the Court, a copy of which was sent to defense counsel, stating:

> I received a letter informing I have a court date on the motions to compel.
>
> However I'm in prison and will be until 3-21-09. I'm unable to be discharged before that date.
>
> The case manager Stevens told me thy [sic] will not contact the court without an order as before. So she also said their [sic] is no phone [number] for her to call anyway.
>
> The court has not followed proper protocall [sic] as to have me appear by phone nor has sent a writ for me.
>
> Please address this issue ? [sic] prior to the date I'm set to appear.

I was unaware of the existence of the letter because the Clerk of the Court had not yet received it.

In view of the plaintiff's unavailability for the hearing, and because argument on the motions to compel would not materially assist me in deciding them, I have determined to rule on the motions based on the parties' written submissions.

## I. The Plaintiff's Motion to Compel

The plaintiff has moved to compel with respect to three production requests served on defendant Martinez.

**Production Request No. 1**: In Production Request No. 1, the plaintiff requests the following materials:

> Please produce any and all Internal Documents pertaining to the Plaintiff and defendant Martinez on May 8, 2004 and May 15, 2004.

2

Defendant Martinez objected to the request as vague and overbroad, but responded that "[w]ithout waiving this objection, Defendant states: See, Exhibits 'A' and 'B', attached hereto."

In support of Plaintiff's Motion to Compel, the plaintiff argues[3]:

> Internal Affairs complaint I did on May 8, 04 is relevant because it does in fact show that I said in it that Defendant Martinez abused his official authority when he assaulted me both physical & verbal "in the response I was sent a Exhibit A & B in which the court can clearly see that "no" Castoteal Chain of Comand was envoked as to protocal and that the document is a fraud and was done long after the date of the alleged incedent to cover up the fact that the officer did in fact assault me. And without the documents I've requested. This case becomes no more than a swearing contest, where a felon convict would be the altemet looser. Ones word over the other.

Brief In Support of Motion to Compel [Doc. # 70, filed 9/28/2007] at pp.2-3.

The plaintiff has failed to include copies of Exhibits A and B which were attached to defendant Martinez' discovery responses. Consequently, I cannot "clearly see" anything about them. In addition, defendant Martinez opposes this portion of the Plaintiff's Motion to Compel arguing that the plaintiff is attempting "to expand the scope of the original request to mean complaints he filed with the Internal Affairs Bureau which was not included in the Request."

The Plaintiff's Motion to Compel is DENIED. First, the plaintiff has failed to comply with local rule of practice 37.1, D.C.COLO.LCivR, which requires:

> A motion under Fed. R. Civ. P. 26 or 37 directed to interrogatories or requests under Fed. R. Civ. P. 33 or 34 or to responses thereto shall set forth verbatim the interrogatory, request, and response to which the motion is directed.

Although it is not always necessary in connection with a motion to compel production that the

---

[3]The argument is quoted verbatim without any attempt to designate or correct errors.

documents produced be provided to the court, in this instance it is necessary. The plaintiff complains first that the documents are not responsive and second that they are a "fraud." I can make no determination about these matters without the benefit seeing the two exhibits.

In addition, I agree with defendant Martinez that the request is vague insofar as it calls for all "Internal Documents." The plaintiff now argues, apparently, that he meant all "Internal Affairs Documents," but that is not what he requested, and the defendant is not required to read the plaintiff's mind, even if he is proceeding *pro se*, in an attempt to understand what is being requested.

**Production Requests No. 2 and 4:** In Production Request No. 2, the plaintiff requests the following materials:

> Please produce any and all policies pertaining to What a sheriff is to do when confronted by a inmate and any lock down policies in effect at the time of the alleged assault.

In Production Request No. 4, the plaintiff requests the following materials:

> Please produce any and all Grievances filed against Defendant Martinez during his employment as a Denver Deputy Sheriff.

These production requests were served on defendant Martinez. Defendant Martinez is no longer employed by the Denver Sheriff's Department, however, and the materials the plaintiff seeks are not in his possession, custody, or control. Rule 34(a), Fed. R. Civ. P., is limited to require the production of documents only if they are "in the responding party's possession, custody, or control." Consequently, the Plaintiff's Motion to Compel is DENIED with respect to Production Requests 2 and 4.

## II. The Defendants' Motion to Compel

The defendants have moved to compel with respect to one interrogatory and five requests for production.

**Interrogatory No. 6:** Defendants' Interrogatory No. 6 seeks the following information:

> Except for this action, in the last ten years have you filed an action or made a written claim of demand for compensation for personal injuries?
>
> If so, for each action, claim, or demand state:
>
> (a) The date, time, and place and location of the **INCIDENT**;
>
> (b) The name, **ADDRESS**, and telephone number of each **PERSON** against whom the claim was made or action filed;
>
> (c) The court, names of the parties, and case number of any action filed;
>
> (d) The name, **ADDRESS**, and telephone number of any attorney representing you;
>
> (e) Whether the claim or action has been resolved or is pending;
>
> (f) The name, **ADDRESS**, and telephone number of all **HEALTH CARE PROVIDERS** that treated you for injuries related to the claim.

The plaintiff responded to Interrogatory No. 6 as follows:

> Objection to interrogatory no. 6 on the grounds every case I've setteled has been done on grounds of confidentiality. I can not disclose information requested. Also that said interrogatory is vague and overbroad.

First, I find that the interrogatory seeks information that is relevant to a claim or defense in the case or is reasonably calculated to lead to the discovery of admissible evidence. Among other things, the interrogatory goes to the issue of previous injuries which may be relevant to the

5

issues of whether the defendant suffered any injury as a result of the conduct alleged here or whether any such injury was preexisting. The answer provided by the plaintiff is unresponsive. The interrogatory seeks only information concerning claims made; it does not request the terms of any settlement which may have been reached and which the plaintiff alleges are confidential. Nor is the interrogatory vague or overbroad. The Defendants' Motion to Compel is GRANTED with respect to Interrogatory No. 6.

**Production Requests No. 7, 14, and 18:** Production Requests No. 7, 14, and 18 all seek medical records. Request 7 seeks medical records for injuries claimed to have resulted from the events alleged here. Request 14 seeks medical records prepared before or after the events alleged here concerning "complaints or injuries that involve the same part of **YOUR** body claimed to have been injured in the May 8, 2004 **INCIDENT**." Request 18 seeks all medical records for the last five years. In lieu of an answer, the defendants request that the plaintiff execute medical releases so that they may obtain the medical records directly.

The plaintiff initially objected to Production Request No. 7 as calling for documents "protected under Dr. Client doctrine." In a supplemental response, the plaintiff waived any objection, stating:

> You can have any and all medical records the only ones that mean anything is the stuff I suffered from Den. County Jail.

The materials requested are relevant to the issue of the plaintiff's damages. They are not subject to any privilege recognized under federal law or, if they are, the privilege has been waived because the plaintiff has put his physical and mental condition at issue in this case. The Defendants' Motion to Compel is GRANTED with respect to Production Requests No. 7, 14, and 18, and the plaintiff shall execute the medical releases requested by the defendants.

6

**Production Request No. 6:** Production Request No. 6 seeks the following:

> Copies of all federal and state tax returns filed in the years 2000, 2001, 2002, 2003, 2004, 2005, and 2006. (In lieu of a response to this Request for Production of Documents, please provide your signature on each of the attached Internal Revenue Service Request for the Copy of Transcript of Tax Form [Form 4506] and the Colorado Department of Revenue Form DR5714.)

The plaintiff responded to this request:

> My tax returns? how stupid are you? I've been incarcerated since 1999! my case no. 99CR1482.

The materials requested are relevant to the issue of the plaintiff's damages. The Defendants' Motion to Compel is GRANTED with respect to Production Request No. 6, and the plaintiff shall execute the release forms requested by the defendants.

**Production Request No. 20:** Production Request No. 20 seeks the following:

> Employment records from Plaintiff's employers from 1997 to the present. (In lieu of a response to this Request for Production of Documents, please provide the name and address of each such employer and your notarized signature on the releases for employment information appended hereto.)

The materials requested are relevant to the issue of the plaintiff's damages. The Defendants' Motion to Compel is GRANTED with respect to Production Request No. 20, and the plaintiff shall identify by name and address each of his employers since 1997 and execute the release forms requested by the defendants.

To effectuate this order, the defendants shall send to the plaintiff on or before **January 26, 2009**, the release forms they request in connection with Production Requests No. 7, 14, and 18; 6; and 20. The plaintiff shall provide to the defendants on or before **February 4, 2009**, supplemental discovery responses containing the names and addresses of all of his

7

employers since 1997, and also on or before **February 4, 2009**, the plaintiff shall execute and mail to the defendants all of the releases requested and provided to him.

IT IS ORDERED that the Plaintiff's Motion to Compel is DENIED.

IT IS FURTHER ORDERED that the Defendant's Motion to Compel is GRANTED.

IT IS FURTHER ORDERED that on or before **January 26, 2009**, the defendants shall send to the plaintiff the release forms they request in connection with Production Requests No. 7, 14, and 18; 6; and 20.  The plaintiff shall provide to the defendants on or before **February 4, 2009**, supplemental discovery responses containing the names and addresses of all of his employers since 1997, and also on or before **February 4, 2009**, the plaintiff shall execute and mail to the defendants all of the releases requested and provided to him.

Dated January 21, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge