IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-00171-MSK-BNB

ANTHONY RAY MARTINEZ,

Plaintiff,

v.

DENVER DEPUTY SHERIFF, DAVID O. MARTINEZ (in his official and individual capacity),

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

_____

This matter arises on the plaintiff's **Motion to Request Order for Protection** [Doc. #

148, filed 06/10/2009] (the "Motion").  I construe the Motion as seeking an injunction, and I

respectfully RECOMMEND that it be DENIED.

The plaintiff is currently incarcerated in the medical unit of the Denver County Jail.  He

states that a former defendant, J. Romero, has placed him in the medical unit in retaliation for

filing this action.  He states that he is "in fear of imminent danger of assault" and "is afraid he

will become ill, since their [sic] are termanally [sic] ill imates [sic] housed in the same cell."  He

further states that the "defendants and other Deputy Sheriffs" continue to violate his Eighth

Amendment rights because there are no smoke detectors in and around his cell; he is subject to

diseases, sicknesses, viruses, and bacteria which are affecting his asthma; he is subject to

assaults by mental health inmates; he is subject to abusive, aggressive, and foul language by

inmates and the deputies; his cell is overcrowded; the cell does not contain an intercom to

contact officers and medical staff; the cell is poorly lit; the toilet is not privately placed; he has

no freedom to practice his religion; he is in 24 hour lockdown; and the cell is filthy.  The

plaintiff  seeks injunctive relief in the form of a transfer to another jail.

The plaintiff's claim for injunctive relief is different from the claim asserted in this

prisoner civil rights action.  The remaining claim in this case is against Deputy Sheriff David

Martinez for allegedly assaulting the plaintiff on May 8, 2004.  Since filing this action in 2005,

the plaintiff has been released from and re-incarcerated at the Denver County Jail [Docs. #76 and

#91].  If the plaintiff wishes to assert a claim for injunctive relief regarding the current

conditions of his confinement, he must either file a separate complaint raising those issues or

seek leave to amend his complaint in this action to include those claims.  He may not use this

action to seek an injunction concerning events wholly unrelated to those asserted in the existing

complaint, however.

I respectfully RECOMMEND that the Motion be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and

Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and

file specific, written objections.  A party's failure to serve and file specific, written objections

waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas

v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A

party's objections to this recommendation must be both timely and specific to preserve an issue

for *de novo* review by the district court or for appellate review.  United States v. One Parcel of

Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated October 27, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge