IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-00171-MSK-BNB

ANTHONY RAY MARTINEZ,

      Plaintiff,

v.

DENVER DEPUTY SHERIFF DAVID O. MARTINEZ,

      Defendants.

_____

**ORDER DISMISSING ALL CLAIMS WITH PREJUDICE
FOR FAILURE TO PROSECUTE**
_____

**THIS MATTER** comes before the Court pursuant to the Order to Show Cause issued January 21, 2010 **(#182)**.

The Order to Show Cause addressed the Plaintiff's prosecution of this case. The Order identified at least three actions that the Plaintiff was required, but failed, to perform: (i) timely consultation with opposing counsel regarding the contents of the proposed Pretrial Order; (ii) timely submission of the Plaintiff's pretrial materials; and (iii) appearance at the Pretrial Conference. The Order directed the Plaintiff to show cause, in writing, within 20 days (by February 10, 2010), why this action should not be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b). It encouraged the Plaintiff was encouraged to state, with specificity, the reasons for failing to comply with each of the three obligations; when and how he intended to perform the duties; and the means he would employ in the future to ensure that his duties as a

litigant will be duly performed. The Order expressly warned that failure to adequately and timely respond would result in dismissal of the action with prejudice. The Plaintiff has not responded to the Order to Show Cause.

Fed. R. Civ. P. 41(b) authorizes dismissal of an action due to a failure to prosecute or to comply with a court order or the Federal Rules of Civil Procedure. *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). In considering dismissal, the Court considers the factors in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir.1992). The *Ehrenhaus* factors are (1) degree of prejudice to the opposing party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the litigant was warned in advance of the possibility of dismissal as a sanction; and (5) the efficacy of lesser sanctions. *See Ehrenhaus*, 965 F.2d at 921.

As to the first factor, Defendant Deputy Sheriff Martinez has been hindered in his ability to resolve this matter because the Plaintiff has failed to participated in the pretrial process by consulting with opposing counsel, failed to submitted any pretrial materials, and failed to appear at the pretrial conference. Second, the Plaintiff's actions have delayed the progress of this case and has to ensure speedy determination of the action as required by Fed. R. Civ. P. 1 and to ensure compliance with the Court's orders and procedures. Thus, his actions have caused prejudice to the efficient operation of the judicial system.

Third, the Plaintiff appears to be wholly responsible for his inaction. The Defendant twice mailed the Plaintiff copies of his pretrial documents and requested the Plaintiff's input, but received no response. Additionally, the Plaintiff acknowledged his duty to participate in the pretrial process by requesting additional time to submit his pretrial materials. A copy of the

order setting the final pretrial conference was sent to the Plaintiff's address of record. In the absence of an entry in the docket that the mailing was returned to the Court, the Court must assume that the Plaintiff received the mailing at his address of record. As to the fourth factor, the Order to Show Cause expressly warned the Plaintiff that his failure to respond would result in dismissal with prejudice.

With respect to the final factor, the Court finds that no sanction less severe than dismissal adequately addresses the Plaintiff's failure to respond to the Order to Show Cause and, ultimately, to comply with court orders and procedures and his obligations as a litigant. This matter simply cannot proceed without his participation. Despite being provided an opportunity to explain his inaction and pursue his case, the Plaintiff has failed to advance this case, failed to abide by orders of this Court, failed to comply with the court's procedures, and failed to appear at a court hearing. Moreover, because the Plaintiff's inaction occurs after a substantial amount of work has been input in this case, including the completion of discovery, the completion of pretrial materials, and at least some preparation for trial, dismissal with prejudice is appropriate.

**IT IS THEREFORE ORDERED** that

(1)      All of the Plaintiff Anthony Ray Martinez's claims are **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 41(b).

(2)      The Clerk of Court shall close this case.

Dated this 25th day of February, 2010

                                                **BY THE COURT:**

                                                Marcia S. Krieger
                                                United States District Judge